[Nos. 2099 and 2100.]

*Ex Parte* FRANK SWAIN AND *Ex Parte* JAKE TURNER.

1. HABEAS CORPUS — INDICTMENT.— An indictment presented by a grand jury composed of a larger number of men than twelve is a nullity, and, therefore, all proceedings had under the same are void.

2. SAME — CASE STATED.— The applications for the writs of *habeas corpus* in these cases alleged that the relators were restrained of their liberty by virtue of indictments presented by a grand jury composed of fifteen men, but admit that the facts charged in the pretended indictments are sustained by the evidence.  Upon the hearing of the writs it was shown that the indictments were, in fact, presented by a grand jury composed of fifteen men. Upon this state of facts the judge below refused to discharge the relators, but held that they were entitled to bail, and fixed the bonds at $500 in each case, but it does not appear from the order whether such bail was required to secure their presence to answer to the void indictments at the next term of the court or to answer to such indictments as may hereafter be presented against them.  *Held*, that the judgments must be, and are, reformed, and the appellants are hereby accorded bail in the sum of $500 each, conditioned for their appearance, respectively, before the next term of the district court of Navarro county, to answer to such indictments as may then be presented against them.

APPEALS from the District Court of Navarro County.    Tried below before the Hon. L. D. Bradley.

The opinion discloses the cases.

*Harris & Lee*, for the appellants.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.    The appellants were held in custody by the sheriff of Navarro county, by virtue of *capiases* issued from the district court of said county upon what purported to be indictments charging them with felonies, to wit, charging appellant Swain with

embezzlement, and appellant Turner with an assault with intent to murder. They each applied to the district judge, the Hon. L. D. Bradley, for a writ of *habeas corpus*, claiming that they were illegally restrained of their liberty because the pretended indictments by authority of which they were held in custody were in fact no indictments, the same having been presented in court by a pretended grand jury composed of fifteen men.

His honor the district judge granted the writs, and upon the hearing thereof it was proved that the pretended indictments were presented by a body composed of fifteen men. It was admitted by each defendant respectively that the facts charged against them in said pretended indictments were sustained by the evidence. Upon this state of case his honor refused to discharge the applicants, but held that they were each entitled to bail in the sum of $500, and remanded them to the custody of the sheriff. From this judgment these appeals are prosecuted to this court.

In so far as appellants have been, or may now be, held in restraint by authority of said pretended indictments, such restraint is illegal, because the said pretended indictments and all process and proceedings thereunder are void. (*Lott* v. *The State*, 18 Texas Ct. App., 627; *McNeese* v. *The State*, *ante*, p. 48.) But appellants admit that the allegations in said pretended indictments are sustained by the evidence. They are not, therefore, entitled to be discharged from custody, but must be held to answer for the offenses which by their own admissions the testimony establishes against them. (Code Crim. Proc., art. 176.)

Under the judgment of the district judge they have been accorded bail in the sum of $500 each. But it does not definitely appear from the judgment whether this bail is intended to bind them to appear and answer the void indictments, or to appear and answer indictments that may be hereafter preferred against them. We will therefore reform the judgment so as to require each of the appellants to give a bail bond in the sum of $500, to be approved by the sheriff of said Navarro county, conditioned for their appearance, respectively, before the district court of said county at its next regular term for said county, to answer indictments that may be preferred against them for said felonies. And it is ordered that they be remanded to the custody of the sheriff of said Navarro county until said bail be given; and upon their giving such bail in accordance with the law, and with this judgment, they shall be discharged from custody.

*Ordered accordingly.*

[Opinion delivered November 11, 1885.]